IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 04-00181-01-CR-W-NKL |
| THOMAS E. WATSON-EL, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION
### ON MOTION FOR MODIFICATION OF GARNISHMENT

On March 3, 2009, I held an evidentiary hearing on Defendant's *pro se* motion for modification of garnishment (Doc. No. 191). I find that the Court retains jurisdiction and therefore recommend the restitution amount be modified.

### *I. BACKGROUND*

Defendant was sentenced on January 13, 2005 (Doc. No. 130). His sentence included restitution in the amount of $34,376.45 (Doc. No. 130). On January 16, 2009, the government filed an Application for Writ of Continuing Garnishment in the amount of $31,493.95 (Doc. No. 188). The writ was issued upon the garnishee that same day. On January 22, 2009, Defendant filed a *pro se* motion for a hearing and requesting the garnishment be quashed or modified, stating he did "not owe the amount stated" (Doc. No. 191). On January 29, 2009, Judge Laughrey referred this matter to me for all post-judgment proceedings (Doc. No. 193).

I conducted an evidentiary hearing on March 3, 2009. Defendant was present, represented by retained counsel John Gromowsky. Assistant United States Attorney Amy Marcus appeared on behalf of the government. A copy of the Eighth Circuit's April 5, 2006, Judgment in this case was

admitted into evidence as Court's Exhibit 1.

At the conclusion of the hearing, I directed the parties to file briefing on the Court's jurisdiction to modify the restitution amount. Defendant filed Supplemental Suggestions in Support of *Pro Se* Motion for Modification of Garnishment (Doc. No. 202) on March 20, 2009. The government responded on March 26, 2009, by filing a Stipulation to Modification of Garnishment (Doc. No. 203).

## II. JURISDICTION

This case presents an interesting jurisdictional issue, as the typical avenues for relief are not available to Defendant. Specifically, Defendant cannot move the Court to correct his sentence pursuant to Federal Rule of Criminal Procedure 35 since more than seven days have passed since sentencing. Defendant cannot pursue an action under 28 U.S.C. § 2255 because restitution orders are noncustodial. United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003). Likewise, claims that could have been raised by direct appeal are outside the scope of a writ of error coram nobis. United States v. Thompson, 1 Fed. Appx. 565, 565 (8th Cir. 2001). Despite the inavailability of these avenues of relief, however, a sentencing court does retain jurisdiction to entertain petitions to straighten out "messes" regarding restitution. See United States v. Holland, 380 F. Supp. 2d 1264, 1269 (N.D. Ala. 2005).

## III. FINDINGS OF FACT

1. On July 21, 2004, Defendant was found guilty of conspiracy to manufacture and pass counterfeit checks in violation of 18 U.S.C. § 513.371.

2. Defendant was sentenced on January 13, 2005 (See Doc. No. 123). During the sentencing hearing, counsel for the government and counsel for Defendant stipulated that the amount

of loss was $34,376.45^1$ (Doc. No. 202, Ex. A, Tr. 30:1-22). Counsel represented to the Court that the amount was based on actual loss amounts (Doc. No. 202, Ex. A, Tr. 31:11-17).

3. When counsel informed the Court of the loss amount, Defendant voiced concern that the amount improperly combined actual losses and intended losses (Doc. No. 202, Ex. A, 30:1-34:1). The Court provided Defendant an opportunity to support his position, but Defendant did not have proof of any loss amounts other than those contained in the presentence investigation report (Doc. No. 202, Ex. A, 31:20-25, 33:25-34:1).

4. On January 31, 2005, the Honorable Nanette Laughrey entered an Amended Judgment, which included the restitution amount stipulated to by the parties (Doc. No. 130).

5. Defendant appealed his sentence and the restitution order. The Eighth Circuit denied his appeal, holding Defendant "waived his challenge to the amount of restitution when his lawyer withdrew his objection and reached an agreement with the government on the restitution amount" (Ct. Exh. 1).

6. As part of Defendant's Supplemental Suggestions in Support of *Pro Se* Motion for Modification of Garnishment Amount, defense counsel provided the following categorization of the

---

[1]The restitution amount was based on the following figures:

| Name of Payee | Total Loss |
|---|---|
| UMB | $ 3,100.58 |
| Comp USA | $14,074.70 |
| Circuit City | $ 9,649.73 |
| Buy Rite Food Store | $   949.27 |
| Fleet National Bank | $ 1,436.72 |
| Toys R Us | $ 1,239.21 |
| Norwest Bank | $ 3,246.40 |
| Commerce Bank | $ 3,246.40 |
| Isle of Capri Casino | $   300.00 |

3

total loss amount:

| PAYEE | RESTITUTION | ACTUAL LOSS | INTENDED LOSS | PSR EXPLANATION |
|---|---:|---:|---:|---|
| UMB | 3,100.58 | | 3,100.58 | ¶ 37(d)-(g) |
| Comp USA | 14,074.70 | 7,085.67 | 6,989.13 | ¶¶ 21, 22, 28 |
| Circuit City | 9,649.73 | 9,649.73 | | |
| Buy Rite Food Store | 949.27 | | 949.27 | ¶ 33 |
| Fleet National Bank | 379.84 | | 379.84 | ¶ 37 |
| Toys-R-Us | 1,436.72 | | 1,436.72 | ¶ 14 |
| Norwest Bank | 1,239.21 | | 1,239.21 | ¶ 37(b)-(c) |
| Commerce Bank | 3,246.40 | | 3,246.40 | ¶ 37 (h)-(n) |
| Isle of Capri Casino | 300.00 | 300.00 | | |
| **TOTALS:** | **$34,376.45** | **$17,035.40** | **$17,341.15** | |

(Doc. No. 202, Ex. D).

7. On March 26, 2009, the government filed a stipulation agreeing to "modification of the garnishment to the actual loss suffered by the victim entities totaling $17,035.40" (Doc. No. 203).

## IV. CONCLUSION

Based on the above, I find that the Court has jurisdiction to entertain Defendant's motion for modification of garnishment. I also find that restitution amount stipulated to by counsel at sentencing improperly combined actual with intended losses. As a result, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order correcting its restitution order and modifying the garnishment to $17,035.40.

4

                                                   */s/ Robert E. Larsen*
                                                   ROBERT E. LARSEN
                                                 United States Magistrate Judge

Kansas City, Missouri
May 6, 2009